# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN
_____

JIMMY D. BRIDGES,

        **Plaintiff,**

        -vs-                               Case No.    05-C-479

**STEVEN B. CASPERSON, MATTHEW J. FRANK,
SANDY HAUTAMAKI, SERGEANT REYNOLDS,
ELLEN K. RAY, PETER HUIBREGTSE,
JOHN DOES, and JOHNNY LACY, JR.,**

        **Defendants.**
_____

## DECISION AND ORDER
_____

        Plaintiff Jimmy D. Bridges, who is incarcerated at the Wisconsin Secure Program Facility (WSPF), lodged a *pro se* civil rights complaint under 42 U.S.C. § 1983. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

        The plaintiff is required to pay the statutory filing fee of $250.00 for this action. 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the

time the action is filed an initial partial filing fee of 20% of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. The prisoner has been assessed and paid an initial partial filing fee of $1.49.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

To state a claim for relief under 42 U.S.C. § 1983, plaintiffs must allege: 1) that they were deprived of a right secured by the Constitution or laws of the United States, and 2) that the deprivation was visited upon them by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, however inartfully pleaded, a liberal construction. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." This statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Conley*, 355 U.S. at 47); *see also Thomson v. Washington*, 362 F.3d 969, 970-71 (7th Cir. 2004) (no heightened pleading requirement for pro se prisoner civil rights complaint). Of course, if a

3

complaint pleads facts that show that a plaintiff does not have a claim, the complaint should be dismissed "without further ado." *Thomson*, 362 F.3d at 970.

The plaintiff was incarcerated at WSPF at all times relevant. The defendants are: Steven B. Casperson, Wisconsin Department of Corrections (DOC) DAI Administrator; Matthew J. Frank, Secretary of the DOC; Sandy Hautamaki, corrections complaint examiner; Sergeant Reynolds; Ellen K. Ray, inmate complaint examiner; Peter Huibregtse, deputy warden/appropriate reviewing authority; and John Does, Wisconsin Joint Committee for Review of Administrative Rules.

The complaint challenges a DOC Internal Management Policy, "DOC 309 IMP #29," in that it:

> unfairly discriminates against plaintiff, an indigent inmate, and all other indigent inmates by prohibiting those inmates from making photocopies of their personal legal material that is "handwritten" and/or that WDOC staff deems "can be handwritten" and this prohibition is not applied to other inmates.

(Compl. at 4 ¶ 4.)

The plaintiff alleges that on January 7, 2005, his application for a legal loan pursuant to Wis. Admin. Code § DOC 309.51[1] was approved. On January 11, 2005, the plaintiff

---

[1] The Wisconsin Department of Corrections legal loan provision provides:

DOC 309.51 Funds for legal correspondence and copying. (1) Correspondence to courts, attorneys, parties in litigation, the inmate complaint review system under ch. DOC 310 or the parole board may not be denied due to lack of funds, except as limited in this subsection. Inmates without sufficient funds in their general account to pay for paper, photocopy work, or postage may receive a loan from the institution where they reside. No inmate may receive more than $200 annually under this subsection, except that any amount of the debt the inmate repays during the year may be advance to the inmate again without counting against the $200 loan limit. The $200 loan limit may be exceeded with the superintendent's approval if the inmate demonstrates an extraordinary need, such as a court order requiring submission of

4

requested eight photocopies of his fifteen-page appellant's brief and appendix in Wisconsin Court of Appeals Case Number 04-3048. The plaintiff asserts that Wisconsin Appellate Rule 809.19 required him to produce five copies of the appellant's brief for the appeals' court and one copy for the opposing party. However, defendant Sergeant Reynolds denied the plaintiff's request for copies pursuant to DOC IMP #29 and stated, "the plaintiff may hand copy them." (Compl. at 5 ¶ 6.) On April 20, 2005, the Wisconsin Court of Appeals ordered that "the plaintiff appellant to serve the state ("opposing party") with a copy of the brief by May 18, 2005, or that his appeal will be dismissed for noncompliance with Appellate Rule 809.19(8), 3.(b).1." (Compl. at 6 ¶ 10.)

The plaintiff contends that DOC 309 IMP #29 unfairly discriminates against all indigent inmates. He further contends that the policy unconstitutionally restricts his access to the courts "by prohibiting the plaintiff from receiving photocopies of "handwritten" legal material and, thus, making it very difficult or impossible for him to satisfy the filing requirements of the Wisconsin Appellate Courts." (Compl at 7 ¶ 16.)

The plaintiff does not provide any support for his theory that the DOC's policy requiring indigent inmates to make their own handwritten copies of handwritten materials, instead of using a photocopy machine at the state's expense, violates the Constitution. He does not allege that the Wisconsin Court of Appeals required photocopies of his handwritten legal materials. The

---

specified documents. The institution shall charge any amount advanced under this subsection to the inmate's general account for future repayment. An inmate may be permitted to retain in the inmate's general account an amount of money specified, in writing, by the bureau of adult institutions that is not subject to repayment of the loan.

Wis. Admin. Code § DOC 309.51(1).

5

plaintiff also does not allege that he was unable to handwrite the copies. Although making eight handwritten copies of a fifteen-page document would no doubt be tedious, it appears from the complaint that the plaintiff had four months to accomplish this. Moreover, Wis. Stat. § DOC 309.51, the DOC's legal loan statute, "is not intended for the funding of prisoners' suits." *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003). As the court of appeals for this circuit has explained,

> the loans authorized by the statute are not 'funds which are disbursed or credited to an inmate's account to be used as he wishes' but rather 'simultaneous credits and debits . . . for the sole purpose of enabling prisoners to purchase 'paper, photocopy work, or postage' on credit.' And Lindell has 'no constitutional entitlement to subsidy,' *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002), to prosecute a civil suit; like any other civil litigant, he must decide which of his legal actions is important enough to fund. *Lucien v. DeTella*, 141 F.3d 773, 774 (7th Cir. 1998). If he is able to convince Wisconsin to extend him more credit for his legal endeavors, in apparent violation of Wisconsin law, any debt arising from that extension of credit will be a matter strictly between him and Wisconsin, and not any business of the federal courts.

*Id.*

This plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. *See House v. Belford*, 956 F.2d 711, 720 (7th Cir. 1992) (quoting *Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988), *aff'd sub nom. Neitzke v. Williams*, 490 U.S. 319 (1989)).

**ORDER**

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* be and hereby is **GRANTED**.

6

**IT IS FURTHER ORDERED** that Johnny Lacy, Jr.'s motion for joinder (Docket #5) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) as lacking any arguable basis in law.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $248.51 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that a copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 26th day of September, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA
Chief Judge**