# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

___

JIMMY D. BRIDGES,

        **Plaintiff,**

      -vs-                                                  Case No. 05-C-479

STEVEN B. CASPERSON, MATTHEW J. FRANK,
SANDY HAUTAMAKI, SERGEANT REYNOLDS,
ELLEN K. RAY, PETER HUIBREGTSE,
JOHN DOES, and JOHNNY LACY, JR.,

        **Defendants.**

___

# DECISION AND ORDER

___

        Plaintiff Jimmy D. Bridges, who is incarcerated at the Wisconsin Secure Program Facility, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. On September 26, 2005, the court screened the complaint and dismissed this action finding that the complaint failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. Judgment was entered dismiss this case on September 26, 2005. On October 11, 2005, the plaintiff filed "Motion to Amend Complaint Upon Reconsideration, Rule 59(e) Motion" in which he requests that the court reconsider its order dismissing the complaint.

        Section 1915A states, in pertinent part, that a court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action

in which a prisoner seeks redress from a governmental entity or officer of employee of a governmental entity." 28 U.S.C. § 1915A(a). This statute further provides that, on reviewing such a claim, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint – is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1).

There is no "motion for reconsideration" mentioned in the Federal Rules of Civil Procedure. There are, however, Rules 59(e) and 60(b). The key factor in determining whether a "substantive" motion is cognizable under Rule 59 or Rule 60 is its timing. *Britton v. Swift Transp. Co.*, 127 F.3d 616, 618 (7th Cir. 1997). All substantive motions filed within ten days of the entry of judgment are treated as based on Rule 59; all substantive motion filed more than ten days after the entry of judgment are evaluated under Rule 60. *Id.* A "substantive" motion is one "that if granted would result in a substantive alteration in the judgment rather than just in a correction of a clerical error or in a purely procedural order such as one granting an extension of time within which to file something." *Id.* (internal quotation marks and citation omitted).

This motion is properly regarded as a Rule 59(e) motion since it was filed less than ten days after the entry of judgment and would result in a substantive change in the judgment. *Britton*, 127 F.3d 616, 618 (7th Cir. 1997); *see also* Fed. R. Civ. P. 6(a). A motion for reconsideration, or a motion to alter or amend judgment pursuant to Rule 59(e), serves three very limited purposes in federal civil litigation: newly discovered evidence; an intervening change in the controlling law; or manifest error of law. *Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.

2

1998); *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996); *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *Russell v. Delco Remy Div. Of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995). Rule 59(e) motions are generally not vehicles to introduce new evidence or advance arguments that could or should have been presented to the district court prior to judgment. *Moro*, 91 F.3d at 876; *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

The complaint challenged a Wisconsin Department of Corrections Internal Management Policy, "DOC 309 IMP #29," in that it:

> unfairly discriminates against plaintiff, an indigent inmate, and all other indigent inmates by prohibiting those inmates from making photocopies of their personal legal material that is "handwritten" and/or that WDOC staff deems "can be handwritten" and this prohibition is not applied to other inmates.

(Compl. at 4 ¶ 4.) The complaint alleged that pursuant to the policy the plaintiff was denied photocopies of his fifteen-page appellant's brief and appendix in Wisconsin Court of Appeals Case Number 04-3048 and was instead told that pursuant too DOC IMP #29 he may hand copy them.

This court dismissed the complaint for failure to state a claim because, 1) the plaintiff did not provide any support for his theory that the Wisconsin Department of Correction's policy requiring indigent inmates to make their own handwritten copies of handwritten materials, instead of using a photocopy machine at the state's expense, violates the Constitution; 2) he did not allege that the Wisconsin Court of Appeals required photocopies of his handwritten legal materials; 3) the plaintiff did not allege that he was unable to handwrite the copies; 4) although

3

making eight handwritten copies of a fifteen-page document would no doubt be tedious, it appeared from the complaint that the plaintiff had four months to accomplish this; and 5) Wis. Stat. § DOC 309.51, the Wisconsin Department of Correction's legal loan statute, is not intended for funding prisoners' lawsuits. *See Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003).

In his motion for reconsideration, the plaintiff contends that the court made a manifest error of law in dismissing the complaint. He asserts that the court should have construed the complaint as asserting a violation under the Code of Federal Regulations:

> 28 CFR 543.11(4)(g), specifically directs institution staff, upon an inmate's request and at the times scheduled by staff, duplicate legal documents if the inmate demonstrates that more than one copy must be submitted to court and that the duplication cannot be accomplished by use of carbon paper. "The inmate shall bear the cost." Id. Wisconsin Statutes, Chapter 809.19, Rules of Appellate Procedure, informs all who read it that Wisconsin Court of Appeals do not accept carbon copies. Id.
>
> 28 CFR 543.11(4)(h), in relevant part state: unless clearly impractical, "The Warden shall allow an inmate preparing legal documents to use a typewriter, or, if the inmate cannot type, to have another inmate type his documents." Therefore, the court in its infinite wisdom, honestly, made a manifest error of law, and plaintiffs pray that in this light, this honorable court will allow them to amend their pleadings accordingly.

(Pl.'s Mot. for Recon. at 2-3.)

Federal prisons are governed by the Code of Federal Regulations. The plaintiff is a state prisoner and therefore, the Wisconsin Administrative Code provides administrative regulations relevant to him. The plaintiff has not demonstrated that the screening order contained a manifest error of law. Moreover, amendment of the complaint to cite to the Code of Federal

4

Regulations would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). Therefore, the plaintiff's motion under Rule 59(e) will be denied.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion to amend complaint upon reconsideration (Docket #11) is **denied**.

Dated at Milwaukee, Wisconsin, this 8th day of November, 2005.

**SO ORDERED,**

s/ Rudolph T. Randa
**HON. RUDOLPH T. RANDA**
**Chief Judge**